IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAYME MAESTAS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CASE NO. 1:11-cv-00807-WYD-KLM |
| TRIAD GROUP, INC., | § |
| H&P INDUSTRIES, INC. | § |
| | § |
| Defendants. | § |

## JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means legal counsel for the parties;

"Competitor" means any entity or organization that designs or manufactures products which are substantially similar to those of a named party in this action;

"Confidential" Documents are Documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and,

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a Document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c). Documents produced on electronic or

magnetic media ("Electronic Documents") may be designated as "Confidential" by cover letter referring specifically to the electronic or magnetic media containing the Confidential Electronic Documents. Any person subject to this Protective Order who converts Confidential Electronic Documents to hardcopy or other human-readable form shall designate the converted Documents as "Confidential" before disseminating them to any other person. It is sufficient to do so by marking the first page of a document as confidential and/or designating them as "Confidential" via cover letter.

3. All Confidential Documents, along with the information contained in the Documents, shall be used solely for the purpose of this action, and no person receiving such Documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or their contents to any person other than those specified in paragraph 4. Plaintiff's counsel may also use Confidential Documents produced herein in other cases (subject to the terms of this Protective Order) in which they represent consumers alleging injury from a recalled Triad alcohol product. Any other use is prohibited. It is further recognized that Plaintiff believes there should be a more extensive sharing provision in this Order permitting Plaintiff's counsel to share documents with similarly situated litigants involved in other cases in which a consumer is alleged to have suffered injury due to a recalled Triad alcohol product. At this time, recognizing that there are limited insurance proceeds and in the interest of minimizing litigation expenses and Defendants' attorneys fees (which Plaintiff's counsel has been informed further deplete the available insurance proceeds), Plaintiff's counsel is willing to sign the current order to minimize further depletion of the available insurance proceeds. However, the parties agree that Plaintiff's counsel is free to seek

modification of this Protective Order at any time prior to trial to seek a broader sharing provision, and the parties further agree that Defendants will not oppose such motion on the ground that it is not timely or should have been filed sooner. Defendants do not waive any other objections to any request by Plaintiff's counsel to modify the Protective Order and do not consent to a broader sharing provision.

4. Access to any Confidential Document shall be limited to:

    (a) The Court and its staff;

    (b) Attorneys, their law firms and staff, and their Outside Vendors;

    (c) Persons shown on the face of the Document to have authored or received it;

    (d) Court reporters retained to transcribe testimony;

    (e) The parties and their current corporate representatives;

    (f) Outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services (including both consulting experts and testifying experts), and/or to give testimony in this action;

    (g) Insurers and indemnitors to the extent reasonably necessary to defend their legal interests in this matter; and,

    (h) Deponents.

5. Each person appropriately designated pursuant to paragraphs 4(f)–(g) to receive confidential information shall execute a "Written Assurance" in the form attached

as Exhibit A. Persons designated pursuant to 4(h) must execute a "Written Assurance" in the form attached as Exhibit A prior to Confidential Documents being shown to them. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any Competitor of the party whose designated Documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

6. Portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Those portions of depositions so designated as "Confidential" shall then be treated in accordance with this Order. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information (not including the witness). Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. Any deposition that is not designated with confidential portions within 14-days following receipt of the transcript shall no longer be treated as confidential.

7. Any party who inadvertently fails to identify Documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and

substitute appropriately-designated Documents. Any party receiving such improperly-designated Documents shall retrieve such Documents from persons not entitled to receive those Documents and, upon receipt of the substitute Documents, shall return or destroy the improperly-designated Documents and all copies of such Documents. Inadvertent production of any Document that a party claims should not have been produced—because it is Confidential, attorney-client privileged, or protected under the work product doctrine—will not be deemed to waive a later claim of confidentiality under this Protective Order or a claim of privilege or protection under applicable law.

8. If a party files a document containing Confidential information with the Court, it shall file each such document under seal in compliance with the Electronic Case Filing Procedures for the United States District Court for the District of Colorado and D.C.Colo.LCivR 7.2. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court. Any party is free to oppose any such request for further protections against public disclosure, including documents being used at trial.

9. Any party may request a change in the designation of any information designated "Confidential" and/or challenge such "Confidential" designations. Any such Document shall be treated as designated until the change is completed and/or challenge is accepted. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced Documents as "Confidential" in the action may be affected. The party seeking the change shall simply be required to identify the documents at issue and briefly summarize the reasons for challenging or

questioning the confidential designation. The burden shall then shift to the party asserting that the material is Confidential, which party shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

10.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all Documents designated by the opposing party as "Confidential," and all copies of such Documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all Documents filed with the Court and all correspondence generated in connection with the action. If Plaintiff's counsel is using Confidential Documents in other cases in which Plaintiff's counsel represents consumers alleging injury from a recalled Triad alcohol product, as set forth in Paragraph 3, counsel for Plaintiff shall identify the cases in which the Confidential Documents have been shared and shall also identify the Confidential Documents shared. Within 60 days of the conclusion of the other cases identified, Plaintiff's counsel shall certify in writing to the opposing party the destruction or return of all Documents designated as "Confidential", and all copies of such Documents. [handwritten: KLM]

11.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. The obligations imposed by the Protective Order shall survive the termination of this action.

14. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation.

IT IS SO STIPULATED AND JOINTLY MOVED this 15th day of November, 2011.

So ORDERED.

11/15/11

/s/ Kristen L. Mix

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

s/ Paul J. Komyatte
Paul J. Komyatte (No. 22750)
Ridley, McGreevy & Wincour P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
Phone: (303) 629-9700
Fax: (303) 629-9702

**ATTORNEYS FOR PLAINTIFF**

s/ Monica K. Gould
Kim M. Schmid
Alana K. Bassin
Monica K. Gould
**BOWMAN AND BROOKE LLP**
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: (612) 339-8682
Fax: (612) 672-3200

-and-

Brett Godfrey
Cesilie J. Garles
**GODFREY & LAPUYADE**
9557 S. Kingston Court
Englewood, CO 80112
Tel: (303) 228-0700
**ATTORNEYS FOR DEFENDANTS**

# Exhibit A

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of_____. My

telephone number is _____.

I am currently employed by _____, located

at _____, and my current

job title is _____.

I have read and I understand the terms of the Protective Order dated

_____, filed in CASE NO. 1:11-cv-00807-WYD-KLM, pending in the

United States District Court for the District of Colorado. I agree to comply with and be

bound by the provisions of the Protective Order. I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

I shall not divulge any Documents, or copies of Documents, designated

"Confidential" obtained pursuant to such Protective Order, or the contents of such

Documents, to any person other than those specifically authorized by the Protective

Order. I shall not copy or use such Documents except for the purposes of this action

and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this

action, I shall return to the attorney from whom I have received them, any Documents in

my possession designated "Confidential," and all copies, excerpts, summaries, notes,

digests, abstracts, and indices relating to such Documents.

**Error! Unknown document property name. Error! Unknown document property name.   2**

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____
                (Date)                              (Signature)